UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-625-RJC-DCK

| LC AMERICA, INC. | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| NIRVANA SPECIALTY FOODS, INC., | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the following: Defendant Nirvana Specialty Foods, Inc.'s (Nirvana) motion to dismiss and supporting memorandum, (Docs. 7; 7-1); Plaintiff LC America's (LC) response in opposition, (Doc. 13); Defendant's reply, (Doc. 14); the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. 15), and Plaintiff's objections to the M&R, (Doc. 16).

Defendant moved to dismiss for lack of personal jurisdiction and for failure to state a claim under which relief can be granted, and the Magistrate Judge recommended granting such motion.

The matter is now ripe for consideration.

## I. BACKGROUND

Plaintiff LC accuses Defendant Nirvana of breach of contract and unjust enrichment. (Doc. 1-1: Complaint). Nirvana, incorporated and headquartered in New York, markets and distributes snack foods. (Id.). Prior to September 10, 2012, Defendant engaged Blue Tractor

Foods, LLC (Blue Tractor), a non-party Ohio LLC, to order two container loads of "flavored snack food pellets." (Id.). Blue Tractor received invoices shortly thereafter confirming the two orders for pellets. (Id.). The invoices indicated transactions between Le Caselle, an Italian corporation headquartered in Italy, and Blue Tractor, but did not contain reference to either named party. (Doc. 1-2). Nirvana contends that it was not aware of the existence of LC or Le Caselle at that time. (Doc. 7-3).

Two days after receiving the two containers of pellets, Defendant advised Blue Tractor not to process the containers of pellets and ordered Blue Tractor to transfer them to Defendant's facility in York, Pennsylvania. (Doc. 1-1). Blue Tractor transferred the containers to Defendant by about January 4, 2013. (Id.). Plaintiff contends that "Defendant had received and agreed to pay the two invoices representing the value of the two container loads of pellets on December 19, 2012." (Id.). Plaintiff further contends that Defendant processed, marketed, and sold at a profit the processed snack foods but has refused to pay to Plaintiff the two invoices totaling Eighty Six thousand Eight Hundred Fifty Four and 17/100 Dollars ($86,854.17). (Id.).

Nirvana submitted affidavits to contest jurisdiction in North Carolina. Specifically, it contends that it has never owned or rented property in North Carolina, maintained an office in the state, or had an employee or agent based here. (Doc. 7-3). In fact, with the exception of "one brief trip to meet with [LC] in mid-2013 to discuss purchasing product from Le Caselle directly, Nirvana has never sent an employee or agent to North Carolina to transact business." (Id. ¶3). Additionally, Nirvana has submitted evidence attesting to the following: that it has never advertised, promoted or marketed itself, directly or indirectly, in North Carolina or intended to do so, that it has never had a joint-venture type relationship with any entity that does

2

business regularly in the state, or that it has never used "middlemen" or intermediaries to effectively conduct business in North Carolina. (Id. ¶4).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), quoting FED. R. CIV. P. 72 advisory committee's note.

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Finding that Defendant established grounds for dismissal for lack of personal

jurisdiction under Rule 12(b)(2), the Magistrate Judge declined to address Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6). (Doc. 15). The Magistrate Judge then recommended Defendant's Motion to Dismiss for lack of personal jurisdiction <u>and</u> for failure to state a claim be granted. (<u>Id.</u>).

The Plaintiff has not objected to the Magistrate's finding that this Court lacks personal jurisdiction; accordingly, the Court reviews this recommendation for clear error. The Magistrate Judge found that Plaintiff satisfied neither the forum's test for general jurisdiction, nor for specific jurisdiction. (Doc. 15). As to the former, the Defendant's contacts with North Carolina were not "continuous and systematic," and were not sufficient to support a claim of general jurisdiction. (<u>Id.</u>). For specific jurisdiction, the Magistrate Judge found that Defendant did not purposefully avail itself of the privilege of conducting activities in North Carolina, that the claims at issue did not arise from activities directed at North Carolina, and that the exercise of personal jurisdiction would not be constitutionally reasonable. (<u>Id.</u>). For these reasons, the Plaintiff failed to satisfy the Fourth Circuit's three-part test for specific jurisdiction. <u>See</u> <u>Consulting Engineers Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted).

Plaintiff, in turn, objects that the Court should disregard any purported recommendation to dismiss for failure to state a claim as the Magistrate Judge failed to conduct any substantive analysis of such motion. (Doc. 15). The Court agrees. Having found personal jurisdiction wanting, the Court lacks the authority to examine the substance of Defendant's 12(b)(6) motion. The Supreme Court has found personal jurisdiction to be an essential element of the jurisdiction of a district court, without which the court is "powerless to proceed to an adjudication." <u>Ruhrgas</u>

4

AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (internal citations omitted). Lacking personal jurisdiction over Defendant, the Court does not consider the motion to dismiss for failure to state a claim.

Finding no clear error with the Magistrate Judge's recommendation, this Court **adopts in part** the Magistrate's M&R and **grants** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 15), is **ADOPTED in part**, and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. No. 7), is **GRANTED** and **this case is dismissed without prejudice**.

The Clerk of Court is directed to close this case.

Signed: June 10, 2014

Robert J. Conrad, Jr.
United States District Judge